IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER DEMOND BRAGGS,      :
                                :
          Plaintiff,            :
                                :
vs.                             :   CIVIL ACTION  05-0469-BH-M
                                :
SHERIFF LARRY JOHNSTON,         :
et al.,                         :
                                :
          Defendants.           :


REPORT AND RECOMMENDATION


     Plaintiff, a Hale County prison inmate proceeding pro se,
filed a Complaint under 42 U.S.C. § 1983 together with a Motion
to Proceed Without Prepayment of Fees (Doc. 5).[1]  This action,
which has been referred to the undersigned pursuant to 28 U.S.C.
§ 636(b)(1)(B) and Local Rule 72.2(c)(4), is now before the Court
for Plaintiff's failure to prosecute and to comply with the
Court's Order.

     On June 27, 2006, the Court ordered Plaintiff to inform the
Court by July 14, 2006, if he wanted to proceed with the
prosecution of this action (Doc. 21).  The Order was mailed to
Plaintiff at Hale County Jail, P. O. Box 190, Greensboro, Alabama
36744.  The Order was returned with the notation "Return to

_____

     [1]Plaintiff was incarcerated in the Hale County Jail when he
commenced this action by filing his complaint in the United
States District Court for the Middle District of Alabama.
Subsequently, this action was transferred to this Court.

Sender No Longer at This Address."  Plaintiff was previously advised that it is his responsibility to advise the Court immediately of any change of address, e.g., when Plaintiff is transferred, released, etc., or he would suffer the dismissal of this action for failure to prosecute and to obey the Court's Order (Docs. 9, 12).  Plaintiff has not advised the Court of a change in his address, and there is no current address for him. The Court last heard from Plaintiff on September 6, 2005 when he filed the complaint (Docs. 7, 8) and he did not respond to Defendants' Special Report filed on January 31, 2006 (Docs. 19, 20).  Thus, the Court finds that Plaintiff has abandoned the prosecution of this action.

Due to the expenses and time Defendants have expended in defending this action (Docs. 17, 20) and to Plaintiff's abandonment and failure to obey the Court's Order, and after careful consideration of the alternatives available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane

<u>Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v.</u>

<u>Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709

F.2d 1457, 1458 (11th Cir. 1983).   <u>Accord Chambers v. NASCO,</u>

<u>Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling

that federal courts' inherent power to manage their own

proceedings authorized the imposition of attorney's fees and

related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>,

987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's

inherent power to manage actions before it permitted the

imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181,

126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.   The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the

objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 19th day of July, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE